BRUCE G. ANDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 7609-91
United States Tax Court
T.C. Memo 1991-583; 1991 Tax Ct. Memo LEXIS 633; 62 T.C.M. (CCH) 1324; T.C.M. (RIA) 91583; November 27, 1991, Filed *633 Bruce G. Anderson, pro se. Michael D. Baker, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This case was assigned pursuant to section 7443A. [1] Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 4,544.45, together with additions to tax under section 6651(a)(1) of $ 1,136.11, under section 6653(a)(1)(A) in the amount of $ 352.40, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the deficiency. The issues in this case, after concessions, [2] are (1) whether petitioner utilized certain real property solely for business or rental purposes, (2) whether petitioner is entitled to claim a tax credit for a qualified rehabilitated building, (3) whether petitioner is entitled to claim depreciation on a Ford Bronco in amounts greater than allowed *634 by respondent, (4) whether petitioner is entitled to deductions in amounts greater than allowed by respondent for business and rental activities, (5) whether petitioner is liable for additions to tax for negligence, and (6) whether petitioner timely filed his 1986 income tax return. *635 Some of the facts were stipulated, and they are so found. Petitioner resided at Chalfont, Pennsylvania, when he filed his petition herein. We note that petitioner, who is not an attorney, was reluctant to enter into the stipulation process, and that the transcript of the proceedings reveals that petitioner refused to enter into certain stipulations which appeared to be to his advantage, even after considerable urging to do so on the part of the Court. This is mentioned at the outset since in regard to some of these matters petitioner, absent the stipulation provisions which he specifically declined to accept, had a complete failure of proof. We advised petitioner several times during the course of the trial that he bore the burden of proving that respondent's determinations were incorrect. Rule 142(a); . Nevertheless, petitioner was adamant in refusing to enter into some of the proposed stipulation provisions. During the year at issue, petitioner was engaged in three separate activities. He was a partner in a newspaper delivery business; he designed computer software; and he owned a building at 507 Fairmount Avenue *636 in Philadelphia in which he from time to time rented rooms. Respondent does not contest that the newspaper delivery business and the computer software design business were activities engaged in for profit. Nor does respondent contest that these activities took place in part at the house petitioner owned at 507 Fairmount Avenue in Philadelphia. The Ford Bronco. We deal first with the newspaper delivery business and the computer business. Petitioner was a partner in Wyn-Rock Services during 1986. Wyn-Rock provided delivery service to subscribers of various newspapers in the greater Philadelphia area. Further, petitioner designed computer software. Respondent agrees that both of these activities constituted trades or businesses of petitioner. Petitioner purchased a Ford Bronco in connection with the newspaper delivery service in 1986. One of the questions before the Court is how much of the use of the Bronco is attributable to petitioner's two businesses. While it is apparent that petitioner used the Ford Bronco for the newspaper delivery business, and also that he possibly used it in connection with the software design activity, he failed completely to present to the *637 Court any testimony or other evidence in this regard. We also note that petitioner refused to agree to respondent's proposed 80 percent allocation to business use of the Bronco. In this posture of the matter, we hold petitioner has failed to prove he is entitled to any amount greater than that allowed in the notice of deficiency. 507 Fairmount Avenue Building. Petitioner acquired a building at 507 Fairmount Avenue in Philadelphia. It is petitioner's position that the building was utilized entirely in connection with his two businesses and in regard to his rental use of the building. Respondent contends that petitioner lived in the building during the year, and that accordingly the provisions of section 280A serve to limit the deductions which petitioner is entitled to take in connection with the business. Respondent has conceded that petitioner is entitled to 17 percent of certain verified expenses in connection with the building insofar as the delivery and computer software businesses are concerned. At trial, respondent agreed that petitioner was entitled to Schedule E rental expenses as to the building totaling 20 percent of substantiated expenses. Petitioner's contention *638 is that he is entitled to 100 percent of all expenses incurred in connection with the building. Petitioner argues that he lived at his father's home in Wyncote, Pennsylvania, and it is apparent that he received some mail at that address. He used the 507 Fairmont building for his delivery business, which kept him occupied from about 1:00 a.m. to 7:00 a.m., then he would return to the building to do his computer software design business. Petitioner also spent time in the building overseeing contractors who were working on the building to bring it up to code requirements. However, in addition to these activities, it is also clear to the Court that petitioner was making the building his home. Such was the credible testimony of one of his renters, a childhood friend of petitioner, who lived in the building during almost the entire 1986 year and observed petitioner also living there. Petitioner cannot deduct his personal, living expenses connected with the home. Sec. 262. In addition to his business activities, petitioner rented rooms in the building during 1986 to three separate renters, and he also lived in the building. He has presented no evidence to indicate that respondent's *639 allocation of a 17 percent use of the building for the two businesses, and a 20 percent use for the rental activity, was incorrect, and accordingly respondent's allocations are upheld. Further, petitioner has not placed into the record any evidence which would indicate respondent failed to apply the 37 percent allocation to any specific expenditures, other than those covered by stipulation. Petitioner claimed an investment tax credit under the provisions of section 48(g) in regard to the building. The house at 507 Fairmount is listed on the Philadelphia Register of Historic Places and on the National Register of Historic Places (as a part of the Northern Liberties National Historic District). Section 48(g) allowed an investment tax credit in regard to certain qualified rehabilitated buildings, the rehabilitation of which met specific statutory standards. Petitioner failed to present any evidence other than the fact of the listing of the property on the Registers in order to support his claim for an investment tax credit. He has thus failed to sustain his burden of proving respondent's disallowance of the credit was incorrect. Nonadmitted exhibits. Respondent complained *640 during the course of the trial that petitioner was attempting to introduce into evidence documents which he had failed to show to respondent prior to the trial herein. We gave petitioner substantial latitude, in view of the fact that he was not an attorney, at the beginning of this trial. However, prior to the recess for lunch, the Court ordered petitioner as follows: "any other paper which you intend to introduce into evidence, I charge you now with showing to Mr. Baker." Mr. Baker was counsel for respondent. However, despite the clear order given petitioner, he failed to present to respondent additional documentary items, and accordingly the Court refused to admit such items into evidence upon their proffer and respondent's objection. Petitioner is warned, in case he ever again comes before this Court, that his refusal to enter into the stipulation process prior to trial and his specific disregard of an order of this Court caused the Court to consider seriously dismissing his petition for failure to prosecute properly. He has delayed the course of the trial and wasted the time of this Court through his refusal to cooperate. Timeliness of filing of petitioner's 1986 return *641 . Respondent determined an addition to tax for petitioner's failure to file his 1986 return in a timely manner. Petitioner contends that he prepared his return and filed it on April 15, 1987, but failed to maintain a copy of the return for his files. Respondent has no record of having received such a timely return. Respondent did receive a check from petitioner in the amount of $ 1,424.06 on April 15, 1987. The notation on the check indicates "Form 1040-1986." Petitioner, subsequently upon request of the Internal Revenue Service, filed a 1986 income tax return on September 22, 1988. This return contained no supporting schedules for his business or rental activities. He further filed an amended individual income tax return on March 8, 1990. In support of his contention that he filed his 1986 return in a timely manner, petitioner points to the mailing of the check to the Internal Revenue Service which was received in April of 1987. He has not, however, placed into the record any worksheets he might have completed to arrive at the final tax due figures he contends were represented by the check for $ 1,424.86. Additionally, even as late as September 1988, when he filed a return *642 at the request of the Internal Revenue Service, he showed a different amount as tax due and indicated that he made estimated tax payments in an amount slightly lower than the amount of the check. Considering the record, we do not believe that petitioner filed his 1986 individual income tax return in a timely manner, and, accordingly, hold him liable for the addition to tax under section 6651(a)(1). Respondent has determined additions to tax under section 6653(a)(1)(A) and (B). Negligence under section 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Respondent's determination that Petitioner's underpayment of tax was due to negligence or intentional disregard of rules or regulations is "presumptively slipresumptively correct and must stand unless the taxpayer can establish that he was not negligent." , affg. a Memorandum Opinion of this Court. Petitioner therefore bears the burden of proving that he is not liable for the additions to tax. Rule 142(a); *643 ; . Petitioner has completely failed to bear this burden. He has claimed deductions for which he has no substantiation, and he has claimed the investment tax credit on his Ford Bronco and upon the 507 Fairmount property where he clearly was not entitled to such credits. We hold that petitioner was negligent as to the entire amount of the deficiency. To give effect to concessions, Decision will be entered pursuant to Rule 155. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner stipulated that he was not entitled to claim an investment tax credit for the use of his Ford Bronco. Respondent agrees that petitioner is entitled to allocate 17 percent of his real property expenses to the computer software design activity and to the newspaper delivery service. Respondent has further agreed that 20 percent of the costs of the building relate to petitioner's rental activities. The parties agree that petitioner is entitled to a reduction in his sales receipts of $ 5,295 from his software design activity for cost of goods sold in the amount of $ 516.04. Lastly, respondent has agreed by stipulation that petitioner is entitled to deduct various amounts of expenses in regard to business and rental activities.↩